

FILED

Jan 12 2024, 9:13 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Sarah Medlin
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Thomas Stone,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

January 12, 2024

Court of Appeals Case No.
23A-CR-625

Appeal from the Marion Superior
Court

The Honorable Grant W.
Hawkins, Judge Pro Tempore

Trial Court Cause No.
49D31-1603-F3-9427

**Opinion by Judge Crone**
Judges Pyle and Tavitas concur.

**Crone, Judge.**

## Case Summary

[1]     After a bench trial, Thomas Stone was convicted of three counts of level 3

felony rape that he committed against R.M. One of those counts alleged that he

committed forcible vaginal intercourse, and another alleged that he committed forcible anal intercourse. On appeal, Stone argues that those convictions violate substantive double jeopardy principles. We disagree and therefore affirm.

## Facts and Procedural History

Our factual recitation is based on R.M.'s trial testimony. In February 2016, R.M. went to a concert with a friend in Indianapolis. Afterward, they went to a nearby bar, where the two got separated. R.M. encountered Stone, who told her that he knew where her friend was "and that it was just down the street and he offered to take [her] there because that's where he was headed anyway." Tr. Vol. 3 at 117. R.M. accompanied Stone to his vehicle and sat in the front passenger seat. Stone began driving, and R.M. saw that they were approaching the interstate. "Sirens [went] off in [her] head" because she "thought [they] were just going down the street." *Id.* at 122. After they got on the interstate, Stone forced R.M.'s "head onto his lap to perform oral sex on him." *Id.* at 123.

"[A]t some point, in an effort to escape, [R.M.] tried to convince [Stone] that [she] needed to pee. And so he pulled over into a parking lot." *Id.* at 123-24. R.M. got out of Stone's vehicle, but she was unfamiliar with the area, and she "didn't feel safe running there." *Id.* at 124. Stone told R.M. that she was "wasting [his] time" and dragged her back into the vehicle. *Id.* at 125. They drove off, and Stone again forced R.M. to perform oral sex on him.

Eventually, they arrived at Stone's house. Stone grabbed R.M.'s neck, guided her into the living room, and forced her to engage in "a mixture" of "[n]on-

consensual" oral, vaginal, and anal intercourse until he ejaculated. *Id.* at 127. Afterward, Stone "calmed down" and "said that he was going to take [R.M.] back to [her] car[.]" *Id.* at 131. R.M. "realized that [she] didn't have [her] coat[,]" which "contained [her] car keys in the pocket." *Id.* She was unable to find it in Stone's house or vehicle, and he drove her "[b]ack to the spot where [she] went outside to pee." *Id.* at 132. She was unable to find her coat at that location, and Stone drove to a gas station. R.M. "waited until [Stone] stepped out of the vehicle[,]" *id.* at 137, and then she went inside the gas station and asked an employee to call 911. Stone drove off, and the police arrived to take a report from R.M.

[5] The State charged Stone with eight counts, including five counts of level 3 felony rape (Counts I through V), level 5 felony kidnapping (Count VI), level 5 felony criminal confinement (Count VII), and level 6 felony intimidation (Count VIII). Indiana Code Section 35-42-4-1(a) defines level 3 felony rape in pertinent part as when a person "knowingly or intentionally has sexual intercourse with another person *or* knowingly or intentionally causes another person to submit to other sexual conduct … when … the other person is compelled by force or imminent threat of force[.]" (Emphasis added.) Indiana Code Section 35-31.5-2-302 defines sexual intercourse as "an act that includes any penetration of the female sex organ by the male sex organ." And Indiana Code Section 35-31.5-2-221.5(1) defines other sexual conduct in pertinent part as "an act involving … a sex organ of one (1) person and the mouth or anus of another person[.]"

[6]     A bench trial was held in July 2022, at the conclusion of which the prosecutor summarized the rape allegations as follows:

> So very specifically, Count I, that's a rape count involving other sexual conduct.[…] And this is very specifically for forcing R.M. to perform oral sex on him in his car prior to her losing her coat when she tried to escape that first time.
>
> [….]
>
> Count II is another rape count. Again for other sexual conduct. Again, forcing his penis into her mouth. And this is specifically for the oral sex in the car after that struggle in the parking lot. Both of these before they ever get to his home, before the nightmare continued. Both of them in the car. One before and one after she lost her coat.
>
> Count III is a rape involving sexual intercourse. And this specifically applies to forcing his penis into her vagina after he forced her back into the car, after he continued to sexually assault her orally, after he got her to his house.
>
> [….]
>
> Count IV is another count involving forced oral sexual intercourse. And this is specifically for forcing his penis into R.M.'s mouth at his home[ …]. So Counts I and II are for the oral sex that occurred in the car, whereas Count IV is for that oral sex that occurred at his home.
>
> Count V, again a rape involving other sexual conduct. Specifically this one is for an act involving the sex organ of one person and the anus of another. So, Count V, very specifically applied to the forced anal sex that R.M. was forced to endure at the hands of the Defendant[ …].

Tr. Vol. 5 at 87-88. The trial court acquitted Stone on Counts I, IV, and VI and found him guilty on the remaining counts.

[7] At the sentencing hearing, Stone's counsel argued that only one of the three rape convictions could stand on double jeopardy grounds because "[t]hey're all from the same series of acts." Supp. Tr. Vol. 2 at 5. The prosecutor disagreed, arguing that "every time a woman is penetrated in a different orifice, that is a separate and distinct harm." *Id*. at 9. The trial court agreed with the prosecutor, stating,

> The biggest problem I have is it's not Count II, rape, Count III, rape, Count V, rape. It's fellatio, sexual intercourse, anal intercourse. And I don't have any trouble at all separating those out, seeing them as -- seeing them as three separate and distinct offenses, and ordering them concurrent or consecutive, depending on the bigger picture.

*Id*. at 30. The court sentenced Stone to ten years on each of the rape convictions, four years on the criminal confinement conviction, and two years on the intimidation conviction.[1]

---

[1] The trial court's oral sentencing statement suggests, and the State asserts on appeal, that Stone's aggregate sentence is twenty-six years. *See* Supp. Tr. Vol. 2 at 31 ("I'm not going to make it 52 years[ …]. As I add things up, I think I come in at about half that, because Count III, Count V, Count VII, and Count VIII are all consecutive to each other."); Appellee's Br. at 4 (asserting that Stone received "an aggregate sentence of 26 years executed in the Department of Correction"). The written sentencing order could be interpreted otherwise, *see* Appealed Order at 1 (suggesting that sentences on Counts III through VIII run concurrent with sentence on Count II but also consecutive to sentences on other counts), but Stone does not dispute the State's assertion.

## Discussion and Decision

[8] On appeal, Stone no longer asserts that only one of his three rape convictions may stand due to substantive double jeopardy concerns. Instead, he focuses only on his rape conviction "supported by the act of sexual intercourse" and his rape conviction "supported by the act of anal sex"; according to Stone, "[t]he separation of the single crime into multiple convictions violates [his] right against double jeopardy[.]" *Id*. at 4, 8. We disagree with Stone's contention.

[9] In *Wadle v. State*, 151 N.E.3d 227 (Ind. 2020), and *Powell v. State*, 151 N.E.3d 256 (Ind. 2020), "our Supreme Court adopted two new tests for addressing claims of 'substantive double jeopardy' (*i.e.*, claims concerning multiple convictions in a single prosecution, as opposed to 'procedural double jeopardy' claims, which concern convictions for the same offense in successive prosecutions)." *Carranza v. State*, 184 N.E.3d 712, 715 (Ind. Ct. App. 2022) (citing *Wadle*, 151 N.E.3d at 248-49, and *Powell*, 151 N.E.3d at 263). "The *Wadle* test applies 'when a single criminal act or transaction violates multiple statutes with common elements[.]'" *Id*. (quoting *Wadle*, 151 N.E.3d at 247). "The *Powell* test applies 'when a single criminal act or transaction violates a single statute and results in multiple injuries.'" *Id*. (quoting *Powell*, 151 N.E.3d at 263).

[10] In *Carranza*, the defendant molested his eight-year-old stepdaughter "[o]ne night in 2019 … by inserting his fingers inside her vagina and rubbing his penis on the outside of her vagina." *Id*. at 714. Carranza was charged with and convicted of

two counts of child molesting under Indiana Code Section 35-42-4-3, which reads in pertinent part as follows:

> (a) A person who, with a child under fourteen (14) years of age, knowingly or intentionally performs or submits to … other sexual conduct (as defined in IC 35-31.5-2-221.5) commits child molesting, a Level 3 felony. However, the offense is a Level 1 felony if:
>
> > (1) it is committed by a person at least twenty-one (21) years of age[.]
>
> > ….
>
> (b) A person who, with a child under fourteen (14) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Level 4 felony.

Because both of his convictions fell under the child molesting statute, Carranza urged another panel of this Court "to apply the *Powell* 'single statute' test to his double jeopardy claim." *Carranza*, 184 N.E.3d at 715. The panel declined his invitation, espousing the view that "[w]e don't believe the legislature's decision to delineate separate crimes in one statute as opposed to two should control which double-jeopardy test is applicable." *Id*. at 716 (quoting *Koziski v. State*, 172 N.E.3d 338, 342 (Ind. Ct. App. 2021), *trans. denied*). In concluding that *Wadle* applied to Carranza's claim, the panel found it significant that his

convictions "were based on separate subsections of the primary charging statute[.]" *Id.*[2]

[11] Here, although Stone's convictions are based on the same subsection of the rape statute, they are based on separate—indeed, mutually exclusive—criminal acts: forcible sexual intercourse and forcible other sexual conduct, i.e., anal sex. Before July 2014, Stone's acts were punishable as separate offenses under separate statutes. *See* Ind. Code § 35-42-4-1(a)(1) (effective through June 30, 2014) (defining class B felony rape in pertinent part as when a person "knowingly or intentionally has sexual intercourse with a member of the opposite sex when … the other person is compelled by force or imminent threat of force"); Ind. Code § 35-42-4-2(a)(1) (effective through June 30, 2014) (defining class B felony criminal deviate conduct in pertinent part as when a person "knowingly or intentionally causes another person to perform or submit to deviate sexual conduct when … the other person is compelled by force or imminent threat of force"); Ind. Code § 35-31.5-2-94(1) (effective through June 30, 2014) (defining deviate sexual conduct in pertinent part as "an act involving

---

[2] In *Koziski*, the defendant "was convicted of two counts of child molesting under subsection (a) of the Child Molesting Statute; however, the 'other sexual conduct' required for each fell under separate subsections of Indiana Code § 35-31.5-2-221.5." *Carranza*, 184 N.E.3d at 715 (citing *Koziski*, 172 N.E.3d at 342).

> Specifically, the defendant was convicted under subsection (1) for licking the victim's vagina (an act involving "a sex organ of one person and the mouth … another person"), and under subsection (2) for putting his finger inside the victim's vagina (an act involving "the penetration of the sex organ … of a person by an object").

*Id.* at 715-16 (quoting Ind. Code § 35-31.5-2-221.5). The *Koziski* court concluded that because the convictions fell "under separate statutory provisions, each defining a separate crime, the *Wadle* 'multiple statutes' test [was] a better fit than the *Powell* 'single statute' test." 172 N.E.3d at 342.

… a sex organ of one (1) person and the mouth or anus of another person"). Like the *Carranza* and *Koziski* panels, we do not believe that the legislature's decision to delineate separate crimes in one statute should control which double-jeopardy test is applicable, and we conclude that *Wadle* applies to Stone's claim.

[12] "*Wadle* requires a multi-step analysis to evaluate substantive double jeopardy claims that arise when a single criminal act implicates multiple statutes." *Carranza*, 184 N.E.3d at 716 (citing *Wadle*, 151 N.E.3d at 235).

> First, we look to the statutes. *Id.* If they explicitly allow for multiple punishments, no double jeopardy occurs, and our inquiry ends. *Id.* at 248. If the statutes are unclear, we apply Indiana's included-offense statute. *Id.* (citing Ind. Code § 35-31.5-2-168). If either offense is included in the other, we proceed to the second step and ask whether the defendant's actions are "so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction." *Id.* at 249. If the facts show only a single crime, judgment may not be entered on the included offense.

*Id.*

[13] Subsection (a) of the rape statute does not explicitly allow for multiple punishments for multiple acts of rape. Accordingly, we turn to Indiana Code Section 35-31.5-2-168, which defines included offense as an offense that

> (1) is established by proof of the same material elements or less than all the material elements required to establish the commission of the offense charged;

(2) consists of an attempt to commit the offense charged or an offense otherwise included therein; or

(3) differs from the offense charged only in the respect that a less serious harm or risk of harm to the same person, property, or public interest, or a lesser kind of culpability, is required to establish its commission.

As indicated above, sexual intercourse and other sexual conduct are mutually exclusive material elements of rape, and the "attempt" and "less serious harm" provisions of the included-offense statute are inapplicable. Because neither of Stone's rape convictions is included in the other, they do not constitute double jeopardy under *Wadle*. Therefore, we affirm both convictions.

[14]    Affirmed.

Pyle, J., and Tavitas, J., concur.